ELLIS, Judge:
This suit is brought by the Parish of St. Mary Sales and Use Tax Department against Texad Specialty Company, to collect sales and use taxes, plus interest, penalties and attorneys’ fees, allegedly due by the defendant. From a judgment in favor of plaintiff, defendant has appealed.
Texad Specialty Company, erroneously referred to as Texad, Inc. in the original petition, is a Texas corporation with its only office in Arlington, Texas. It is in the business of selling advertising specialties, such as pens and combs, which have advertising messages imprinted thereon. Texad annually purchases a consolidated catalogue, which it either gives or sells to persons who are permitted to place orders through Texad. These persons, whom we shall call salesmen, have no contract with Texad, are not limited as to territory, and are free to sell on behalf of other similar companies. These salesmen solicit orders for the items shown in the catalogue, and transmit them to Texad.
Texad, which manufactures nothing, then orders the various items from the manufacturers thereof, who in turn ship the merchandise to the purchasers. Texad pays the manufacturers, pays a commission to the salesmen, and assumes responsibility for collecting for the merchandise from the purchasers. It makes sales in fourteen states, grossing approximately $440,000.00 per year. Two salesmen are located in Louisiana, and two other salesmen, living in other states, make sales in Louisiana. One of the Louisiana salesmen, Mrs. W. T. *550 Brown, is a resident of St. Mary Parish and makes all of her sales therein. For three years preceding the trial, Mrs. Brown averaged over $31,000.00 per year in sales.
St. Mary adopted a Sales and Use Tax Ordinance, pursuant to R.S. 33:2721 and R.S. 47:301 et seq., by virtue of which it can require a dealer or seller to collect such tax on behalf of the parish. Upon its failure to do so, the dealer or seller becomes liable for the tax itself, plus certain penalties. In this case, the Parish assessed Texad for the sale and use tax it allegedly should have collected on the sales made by Mrs. Brown, which, for the years 1966 through 1969, totalled $117,969.93.
It is Texad’s position that the Parish has no right to force it to collect the sales and use tax under the commerce and due process clauses of the Constitution of the United States. This point has been considered, and, we think, settled by the Supreme Court of the United States. If there is sufficient activity within the state by a foreign company to create a jurisdictional contact between it and the state, the local government attains jurisdiction to enforce its laws with respect to such company.
Such contact was found not to exist in the case of a foreign company which solicited orders only by mailing a catalogue to various persons in a state. National Bellas Hess, Inc. v. Department of Revenue, 386 U.S. 753, 87 S.Ct. 1389, 18 L.Ed.2d 505 (1967). Neither can a store in one state be forced to collect a sales or use tax on sales to residents of a neighboring state, even though it extended credit to such customers, made some deliveries in the neighboring state, and advertised therein via radio, television and newspapers. Miller Brothers v. Maryland, 347 U.S. 340, 74 S. Ct. 535, 98 L.Ed. 744 (1954).
On the other hand, in the case of Scripto, Inc. v. Carson, 362 U.S. 207, 80 S.Ct. 619, 4 L.Ed.2d 660 (1960), the Supreme Court found that the presence of salesmen within a state who solicit orders resulting in a substantial flow of goods into the state constitutes sufficient activity within the state to give it jurisdiction over the out of state seller for the purpose of collection of sales and use taxes.
We fail to see any factual difference between this case and the Scripto case sufficient to justify a different result herein. We do not find the number of salesmen within a state to be significant, so long as their activities in initiating sales transactions result in a substantial flow of goods into the state. In the Scripto case there were ten salesmen, and in this case, there are only four. However, considering the volume of business initiated by Mrs. Brown, we would have no difficulty in finding sufficient activity were she the only salesman for Texad operating within the state. For an excellent discussion of the authorities and issues here involved, see Ex parte Newbern, 286 Ala. 348, 239 So.2d 792 (1970), which reached a similar conclusion to our own.
Since we are of the opinion that the Parish of St. Mary has jurisdiction to compel Texad to collect its sales and use tax on sales made within St. Mary Parish, the judgment appealed from is affirmed, at defendant’s cost.
Affirmed.